**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| DARRELL LEON MCCLANAHAN, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:25-cv-03399-DGK |
| ) | |
| MISSOURI SECRETARY OF STATE ) | |
| DENNY HOSKINS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This is a § 1983 civil rights action. Pro se Plaintiff Darrell Leon McClanahan, III, alleges violations of his First and Fourteenth Amendment rights, and also of Article I, Section 2 (the "Qualifications Clause") of the United States Constitution, arising from his attempt to be placed on the Republican primary ballot as a candidate for United States Representative for Missouri's 4th Congressional District in the August 2026 Republican primary. Plaintiff claims Defendants Missouri Secretary of State Denny Hoskins ("Secretary Hoskins"), the Missouri Republican State Committee ("the MRSC"), and MRSC Chairman Peter Kinder ("Kinder") will inevitably violate (1) his right to seek office, (2) his right to freedom of association, (3) his right to due process, (4) his right to equal protection, and (5) the United States Constitution's Qualifications Clause, because the MRSC threatens to refuse to give Plaintiff a receipt for paying his candidate filing fee and Secretary Hoskins will therefore refuse to put Plaintiff on the Republican primary ballot for Missouri's 4th Congressional District.

Now before the Court is Plaintiff's Motion for a Temporary Restraining Order. ECF No. 10. Plaintiff requests a temporary restraining order (1) enjoining Defendant Secretary Hoskins

from rejecting Plaintiff's Declaration of Candidacy for the August 2026 Republican primary solely on the basis of the absence of an MRSC receipt under Mo. Rev. Stat. § 115.357.2; (2) requiring Defendant MRSC and its officers to accept Plaintiff's $300.00 filing fee and issue the required receipt, or alternatively enjoining enforcement of § 115.357.2's receipt requirement against Plaintiff; (3) restoring Plaintiff's first-day ballot position drawing rights under Mo. Rev. Stat. § 115.395.2 or granting equivalent relief; (4) setting an expedited hearing on Plaintiff's request for a preliminary injunction prior to the March 31, 2026, candidate filing deadline; and (5) waiving the security requirement under Federal Rule of Civil Procedure 65(c) as Plaintiff is indigent and an injunction would serve the paramount public interest in constitutional ballot access. The same motion also seeks a preliminary injunction.

After carefully reviewing the motion and the existing record, the Court holds Plaintiff has not met his burden for the Court to issue a temporary restraining order or a preliminary injunction. The requests for temporary restraining order and preliminary injunction are DENIED.

### Background

Plaintiff's allegations are detailed in his Complaint and motion, which the Court has carefully reviewed. Compl., ECF No. 1; Mot. for TRO and Prelim. Inj., ECF No. 10. The allegations will not be repeated here.

### Standard for Issuance of a Temporary Restraining Order

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). The Eighth Circuit applies the same standards to a request for a preliminary injunction and temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

2

The factors this Court considers in any such request are: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (citing *Dataphase Sys. Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). No single factor is determinative; they "must be balanced to determine whether they tilt towards or away from granting" the injunction. *Noodles Dev., LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).

## Discussion

### I. The threat of irreparable harm does not weigh in favor of issuing a TRO.

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See id.* at 1036–37. Irreparable harm must be certain and imminent such "that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996). Possible or speculative harm is not sufficient. *See Local Union No. 884, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone / Firestone, Inc.*, 61 F.3d 1347, 1355 (8th Cir. 1995). "Failure to show irreparable harm is an independently sufficient ground upon which to deny [a temporary restraining order]." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Here, Plaintiff argues he has already suffered irreparable harm because, when he tried to file as a Republican candidate—and was refused by the MRSC—on February 24, 2026, he lost the favorable ballot position he would have received as a "first-day filer." ECF No. 10 at 11. This is not a threat of harm but a harm already suffered. Plaintiff goes beyond that, however, to argue

3

that if he is not allowed to file as a candidate for the Republican primary by March 31, 2026, the filing deadline, he will "lose [his] right to serve the people of this district entirely." *Id.* Plaintiff cites *McLain v. Meier*, 637 F.2d 1159 (8th Cir. 1980), without pinpoint citation, for the proposition that "ballot access deprivations are per se irreparable because electoral opportunities once lost cannot be restored." *McLain* does not say this anywhere, though it does intimate that injunctive relief can be appropriate in the ballot-access context because of the timing of elections. *See id.* at 1169–70 ("Since the general election is less than a month away, we have no hope that either the North Dakota Legislature or the district court on remand could devise and put into effect an interim procedure for placement on the November, 1980 ballot. Therefore, reluctantly we must conclude that practically speaking no injunctive relief is available for the 1980 election."). In any case, while it is true that, given the time-sensitive nature of political elections, exclusion from a primary election ballot could cause irreparable harm to a would-be candidate's interest in running for office as a certain party's candidate during a particular election, it is not true here, because Plaintiff's argument about harm begs the question concerning his asserted right to be listed on the Republican primary ballot in the first place. As the Court will explain below, Plaintiff has not shown he enjoys such a right.

Defendant Secretary Hoskins argues Plaintiff has failed to show any harm alleged is cognizable under any legal theory or that it is imminent or immediate. The Court agrees with Defendant that the nature of Plaintiff's alleged harm—not being listed on the Republican primary ballot—and the doubtful status of his asserted right to be so listed do not allow the Court to conclude that Plaintiff has shown "a clear and present need for equitable relief." *Iowa Utils. Bd.*, 109 F.3d at 425. As such, the first factor does not weigh in favor of issuing a temporary restraining order.

4

**II. Plaintiff has not shown the balance of harms favors issuing a TRO.**

Plaintiff argues his "complete and permanent exclusion from the only meaningful election in [his] congressional district" far outweighs any harm to "the party committee." Plaintiff does not address potential harms to Secretary Hoskins, who points out that Plaintiff could run as an independent (in the general election) and argues further that the State's interest in maintaining election integrity through clear election rules counsels against this Court "altering them close to an election." ECF No. 12 at 6–7; ECF No. 7 at 11; *see Carson v. Simon*, 978 F.3d 1051, 1062 (8th Cir. 2020) ("The *Purcell* principle—that federal courts should usually refrain from interfering with state election laws in the lead up to an election—is well established.") citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006)). As such, the second factor weighs against issuing a temporary restraining order.

**III. Plaintiff has not shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims. Generally, the movant only has to show his prospects for success is "at least . . . *sufficiently likely* to support the kind of relief it requests." *Noodles Dev.*, 507 F. Supp. 2d at 1034 (emphasis added) (quotation omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485 (quotation omitted).

> However, when a TRO "is sought to enjoin the implementation of a duly enacted state statute, . . . district courts [must] make a threshold finding that a party is *likely* to prevail on the merits." This "more rigorous standard reflects the idea that governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic processes are entitled to a higher degree of deference and should not be enjoined lightly."

*ARC of Iowa v. Reynolds*, 559 F. Supp. 3d 861, 878 (S.D. Iowa 2021) (quoting *Planned Parenthood Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (internal citations and quotation marks omitted)).

5

Here, Plaintiff's various claims challenge, among other things, Missouri's statutory ballot-access scheme, at least as applied to him, and he seeks to enjoin the application of this statutory scheme to him. Plaintiff must therefore show he is "*likely* to prevail on the merits." Plaintiff has not done so. Neither has he shown that he has even "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485. He points to no authority that shows he has a right to appear on the Republican primary ballot against the wishes of the MSRC or that shows the State of Missouri or this Court has the authority to determine who the MSRC must place on the Republican primary ballot and which internal procedures the Republican party must follow to choose those candidates. As such, the third factor weighs against issuing a temporary restraining order.

**IV.     Plaintiff has not shown the public interest favors issuing a TRO.**

The Court finds the public interest does not favor granting the request for a temporary restraining order for the reasons explained above under the balance-of-harms factor. Thus, this factor weighs against issuing a temporary restraining order.

**V.     Plaintiff has not carried his burden.**

None of the four factors weighs in favor of issuing a TRO. Accordingly, the Court holds Plaintiff has not clearly shown entitlement to the extraordinary and drastic remedy of a temporary restraining order. *See Noodles Dev.*, 507 F. Supp. 2d at 1034.

**Conclusion**

Plaintiff's request for a temporary restraining order is DENIED. Because the Eighth Circuit applies the same standards to a request for a preliminary injunction as it does to a temporary restraining order, *S.B. McLaughlin & Co.*, 877 F.2d at 708, Plaintiff's request for a preliminary injunction is also DENIED for the same reasons.

6

**IT IS SO ORDERED.**

Date:   March 25, 2026   	    /s/ Greg Kays
	GREG KAYS, JUDGE
	UNITED STATES DISTRICT COURT